In re SOUTHERN KITCHENS, INC., Debtor.

Sheridan J. BUCKLEY, Trustee for Southern Kitchens, Inc., Plaintiff,

v.

TRANSAMERICA INVESTMENT CORPORATION, Mary McNutt Platzer and Phillip Crowley, Defendants.

Bankruptcy No. 95–31084.
Adversary No. 96–3349.

United States Bankruptcy Court, D. Minnesota.

March 18, 1998.

Thomas M. Fafinski, Minneapolis, MN, for Plaintiff.

Michael H. Daub, Minneapolis, MN, for TransAmerica Investment Corporation and Mary McNutt Platzer.

Gary B. Bodelson, Minneapolis, MN, for Phillip Crowley.

## ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFI-CATION OF COUNSEL

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding came on before the Court for hearing on the Plaintiff's motion for the disqualification of Michael H. Daub as counsel for Defendants Trans-America Investment Corporation ("Trans-America") and Mary McNutt Platzer ("Platzer"). Thomas M. Fafinski appeared for the Plaintiff. Michael H. Daub appeared for Defendants TransAmerica and Platzer. Gary B. Bodelson appeared for Defendant Phillip Crowley. Upon the moving and responsive documents and the arguments of counsel, the Court makes the following order.

The matter at bar was one of two cross-motions for disqualification of counsel. The other motion was granted via an order entered on February 26, 1998, reported at 216 B.R. 819. The earlier order recites the backdrop of this adversary proceeding at length. That history is incorporated by reference, and will not be repeated here.

Michael H. Daub, an attorney officing in Minneapolis, represented TransAmerica and Platzer starting in mid-August, 1994. On their behalf, he filed an answer to the Plaintiff's complaint. The Plaintiff has moved to disqualify Daub as counsel, on the ground that the Plaintiff will name him as a witness

for trial. TransAmerica and Platzer strenuously contest the motion. They cite substantive inadequacy and prejudicial effect as the bases of their opposition.

The Plaintiff cites MINN.R.PROF.COND. 3.7 as his authority.[1] That rule provides, in pertinent part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

 This rule recognizes that combining the roles of advocate and witness can cause prejudice to the opposing party, and can create a conflict of interest between the testifying lawyer and his client. *Comment—1987* to MINN.R.PROF.COND. 3.7. Its first clause seems to create a broad bar; however, the remainder of the rule narrows it. Thus, a mere declaration of intention to call opposing counsel as a witness does not require disqualification; an attorney is disqualified only when he or she is *likely* to be a necessary witness. *Thompson v. Goetz,* 455 N.W.2d 580, 587–588 (N.D.1990) (applying language of N.D.R. PROF. COND. 3.7, which is identical to the Minnesota rule). As a threshold matter, the necessity requirement means that the anticipated testimony must be material to the matters in suit, as well as relevant to the specific issues for which the attorney-witness would be called. In turn, if the subject matter of the attorney's testimony can be proved in some other effective way, the attorney may not be "necessary" as a witness. *Humphrey on Behalf of State v. McLaren,* 402 N.W.2d 535, 541 (Minn.1987); *Sargent County Bank v. Wentworth,* 500 N.W.2d 862, 871 (N.D.1993) (necessity requires a showing of materiality, and the unavailability of the

---

1. The bar of this court consists of those attorneys licensed to practice before the United States District Court for this district.
Former LOC.R.BANKR.P. (D.MINN.) 103(a) (now LOC.R.BANKR.P. (D.MINN.) 9010–3(a)). In turn, the United States District Court for the District of

Minnesota has adopted the Minnesota Rules of Professional Conduct, as prescribed by the Supreme Court of Minnesota. LOC.R. (D.MINN.) 83.6(d); *Bieter Co. v. Blomquist,* 132 F.R.D. 220, 223 (D.Minn.1990); *North Star Hotels Corp. v. Mid–City Hotel Assoc.,* 118 F.R.D. at 110–111.

desired fact content elsewhere). If the anticipated testimony is "merely cumulative, or quite peripheral," or if it can be found in admissible documentary evidence, the prospective attorney-witness is ordinarily not "necessary" and need not recuse him- or herself as a trial counsel. *Id.* If another competent witness can offer probative evidence on the point in question, recusal or disqualification under Rule 3.7 is not warranted. *Id.* (citing *State v. Fratzke,* 325 N.W.2d 10 (Minn.1982)).

■ The characterization of a prospective attorney-witness as "necessary" is within the discretion of the trial court. *Humphrey v. McLaren,* 402 N.W.2d at 542. This discretion may be exercised to permit an attorney to testify as to uncontested issues or matters of formality, without a mandate of withdrawal or disqualification. *Smith v. City of Owatonna,* 439 N.W.2d 36, 42 (Minn.App.1989), *aff'd,* 450 N.W.2d 309 (Minn.1990).

■ Finally, the courts must be mindful of the potential for misuse of this theory as a crippling litigation strategy. *Sargent County Bank v. Wentworth,* 500 N.W.2d at 871. The party purporting to name opposing counsel as a witness must make a showing stronger than the one that would prompt voluntary withdrawal by an attorney who recognizes herself as a necessary fact witness on behalf of her own client. *Id.; Jones v. City of Chicago,* 610 F.Supp. 350, 360 n. 3 (N.D.Ill. 1984).

■ In the matter at bar, the Plaintiff has sued the Defendants to redress several alleged acts of wrongdoing: the breach of TransAmerica's covenant to fund the Debtor's reorganization in its prior Chapter 11 case; the breach of the individual Defendants' fiduciary or statutory duties as principals of the reorganized Debtor; and a preferential transfer of assets to TransAmerica, as a creditor of the Debtor. The Plaintiff asserts that these misfeasances were consummated when Platzer and Crowley bound the Debtor to consent to TransAmerica's foreclosure of its lien against all of the Debtor's assets, and TransAmerica then foreclosed.

TransAmerica retained Daub as counsel around August 15, 1994. It charged him with protecting its rights in response to actions taken by two of the Debtor's former principals after the Debtor obtained confirmation of its plan. Daub then represented TransAmerica in several legal proceedings. The only one that the Plaintiff cites for this motion is the enforcement of TransAmerica's rights as secured party, after the Debtor's board consented to it. The Plaintiff maintains that Daub is an "essential witness" on the circumstances of the enforcement. His counsel characterizes that process as a "wrongful foreclosure."

The Plaintiff's counsel uses this characterization rather shrilly throughout his supporting brief, but he just does not make out a ground for disqualification under the cited rule. The only evidence that the Plaintiff seeks from Daub is the sequence of acts during the foreclosure—the giving of notice of default to the Debtor; the monitoring of cure; the gathering of payments on accounts receivable from the Debtor's post office box; and Daub's communications with account debtors, the U.S. Postmaster, and potential purchasers of the Debtor's hard assets. TransAmerica and Platzer do not deny that these events occurred. Further, the Plaintiff does not allege in his complaint or elsewhere that the foreclosure process was irregular on its face, or that TransAmerica's enforcement of its secured position was legally or procedurally deficient. He has not framed any of the counts of his complaint under Article 9 of the Uniform Commercial Code, and has not sued the Defendants for damages for breach any of that statute's requirements. The sole bankruptcy-law theory—avoidable preference—is not pleaded with much specificity. However, the complaint's sparse verbiage does not appear to challenge the legal sufficiency of the foreclosure process either.

The validity of the foreclosure process, then, is simply not in suit here. This renders irrelevant and non-material any testimony by Daub on his participation. If the Plaintiff must establish the basic fact of the foreclosure and its results, he can certainly elicit Platzer's testimony; subject to appropriate objection, she can speak to the instructions she gave Daub, her knowledge of his subsequent actions, and the results that Trans-

America got from them. If her memory or knowledge are incomplete or faulty, Daub's testimony may be required. Since the relative events and circumstances are no more than basic, and are pretty much conceded, the scope and duration of his testimony will be brief and noncontroversial. It certainly will not cause the collision between the differing credibility of witness and advocate that the rule addresses. *See Smith v. City of Owatonna*, 439 N.W.2d at 43.

A party that seeks to remove opposing counsel preemptively by naming him as a witness must top a higher hurdle. The Plaintiff has not done so. For that matter, he has not even met the lesser burden for the alternate situation, which involves the friendly lawyer-witness and implicates voluntary recusal.[2] The circumstances suggest heavy-handed gamesmanship, and an attempt to manipulate rules of professional responsibility for advantage in the litigation.[3] There is no question as to the appropriate result on this motion:

IT IS HEREBY ORDERED that the Plaintiff's motion for disqualification of Michael H. Daub, Esq., as counsel for Defendants TransAmerica and Crowley is denied.

---

**2.** This conclusion makes it unnecessary to reach the issue of prejudice to the movants' right to an effective defense.

**3.** At a Rule 16 conference earlier in this adversary proceeding, Daub questioned whether the Plaintiff's counsel were properly employed by the estate. He cited their intense and extended involvement in the underlying facts, and their near-contemporaneous representation of other parties with interests adverse to the estate's. Only after hostile colloquy on that point did the Plaintiff's counsel question Daub about his own standing. The cross-motions for disqualification followed, under the directive of a scheduling order. The Plaintiff's counsel timely served and filed this one, and are to be commended for that dispatch if nothing else. However, they then fought Daub tooth-and-nail when he requested a two-day extension. (As the basis for his request, Daub cited an unexpected emergency engagement for another client that had prevented him, as a sole practitioner, from meeting the scheduling order's deadline.) The Plaintiff's counsel did not display professional courtesy in all of this, but the Court received and entertained Daub's clients' motion. The outcome on that one has borne out Daub's theory. In light of that result and the present one, the hard-bitten edge adopted by the Plaintiff's counsel does not speak well for them.